UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA           :     SEALED INDICTMENT

       - v. -                      :     21 Cr.

TAMEKA LEWIS,                      :     **21 CRIM 349**

     Defendant.                   :

- - - - - - - - - - - - - - - - X

## COUNT ONE
### (Conspiracy)

The Grand Jury charges:

1. The charges set forth herein arise from a scheme whereby TAMEKA LEWIS, the defendant, while employed as a counselor by the New York City Department of Correction ("DOC"), smuggled narcotics and other contraband into a DOC jail, in exchange for cash bribes.

2. Specifically, from at least in or about June 2019 up through and including in or about September 2020, TAMEKA LEWIS, the defendant, introduced or attempted to introduce smokable synthetic cannabinoids, often referred to as "K2" or "Spice"; and other contraband to three inmates ("Inmate-1," "Inmate-2," and "Inmate-3") at the Otis Bantum Correctional Center ("OBCC"), a DOC jail on Rikers Island in New York. In return, LEWIS received cash payments from a relatives and associates of Inmate-1, Inmate-2, and Inmate-3.

3.   At all times relevant to this Indictment, TAMEKA LEWIS, the defendant, was employed as a counselor at the OBCC. DOC employees, including LEWIS, receive training on employee rules and regulations, which prohibit employees from, among other things, entering into transactions with inmates and providing inmates with contraband.

<u>Introduction of Contraband into the OBCC for Inmate-1</u>

4.   From at least June 2019 up through and including at least January 2020, TAMEKA LEWIS, the defendant, smuggled contraband into the OBCC to Inmate-1.

5.   To facilitate the introduction of contraband for Inmate-1, TAMEKA LEWIS, the defendant, communicated by text message with an associate of Inmate-1 ("Associate-1"), and discussed with Associate-1 terms of payment and particular contraband items.

6.   From at least June 2019 up through and including at least January 2020, TAMEKA LEWIS, the defendant, received Cash App payments from Associate-1, as well as family members of Inmate-1. Cash App is a smartphone application that permits users to transfer funds and accompanying messages.

7.   In total, TAMEKA LEWIS, the defendant, received approximately $11,800 from Associate-1, as well as family members of Inmate-1, in exchange for introducing contraband into the OBCC for Inmate-1.

Introduction of Contraband into the OBCC for Inmate-2

8. From at least March 2020 up through and including at least June 2020, TAMEKA LEWIS, the defendant, smuggled contraband into the OBCC for Inmate-2.

9. To facilitate the introduction of contraband for Inmate-2, TAMEKA LEWIS, the defendant, communicated by text message with a parent of Inmate-2 ("Parent-1"), discussing with Parent-1 terms of payment.

10. In total, TAMEKA LEWIS received approximately $26,000 from Inmate-2 and Parent-1, in exchange for introducing contraband into the OBCC for Inmate-2.

Introduction of Contraband into the OBCC for Inmate-3

11. In or about September 2020, TAMEKA LEWIS, the defendant introduced K2 and other contraband into the OBCC for an inmate ("Inmate-3").

12. To facilitate the introduction of contraband for Inmate-3, TAMEKA LEWIS, the defendant, communicated by text message with an associate of Inmate-3 ("Associate-2"), and discussed payments for particular contraband items with Associate-2.

13. TAMEKA LEWIS, the defendant, also met with Associate-2 to receive payment, as well as contraband items, to smuggle into the OBCC for Inmate-3.

14. TAMEKA LEWIS, the defendant, deposited contraband into a trash receptacle at the OBCC, which Inmate-3 thereafter retrieved.

15. On or about September 16, 2020, TAMEKA LEWIS, the defendant, met with Associate-2 in Brooklyn, New York. During the meeting, Associate-2 provided LEWIS with approximately 46 sheets of K2-soaked paper. Associate-1 also paid LEWIS a cash bribe of approximately $3,000 to smuggle the contraband into the OBCC for Inmate-3. Two days later, on September 18, LEWIS attempted to enter work at the OBCC while carrying the sheets of K2-soaked paper for Inmate-3.

16. In total, TAMEKA LEWIS, the defendant, received over $3,500 from Associate-2 in exchange for introducing contraband into the OBCC for Inmate-3.

### Statutory Allegations

17. From at least in or around June 2019, up through and including in or around September 2020, in the Southern District of New York and elsewhere, TAMEKA LEWIS, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit: (1) bribery, in violation of Title 18, United States Code, Sections 666(a)(1)(B) and 666(a)(2); (2) honest services wire fraud, in violation of Title 18, United States Code, Sections 1343 and

4

1346; and (3) distribution of a controlled substance analogue, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

18. It was a part and an object of the conspiracy that TAMEKA LEWIS, the defendant, being an agent of a government agency that received, in a one-year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance, to wit, the DOC, corruptly would and did solicit and demand for the benefit of a person, and accept and agree to accept, something of value from a person, intending to be influenced and rewarded in connection with a business, transaction, and series of transactions of such government organization involving something of value of $5,000 and more, in violation of Title 18, United States Code, Section 666(a)(1)(B).

19. It was further a part and an object of the conspiracy that TAMEKA LEWIS, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and to deprive her employer of the right to her honest services, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice,

in violation of Title 18, United States Code, Sections 1343 and 1346.

20. It was further a part and an object of the conspiracy that TAMEKA LEWIS, the defendant, intentionally and knowingly distributed and possessed with intent to distribute a controlled substance analogue in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## Overt Act

21. In furtherance of said conspiracy and to effect the illegal objects thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

   a. On or about September 16, 2020, TAMEKA LEWIS, the defendant, met with Associate-2, who paid her a cash bribe in exchange for smuggling contraband into the OBCC.

(Title 18, United States Code, Section 371.)

## COUNT TWO
### (Bribery)

The Grand Jury further charges:

22. The allegations contained in paragraphs 1 through 16 of this Indictment are repeated and realleged as if fully set forth herein.

23. From at least in or about June 2019 up through and including in or about September 2020, in the Southern District

6

of New York and elsewhere, TAMEKA LEWIS, the defendant, being an agent of a government agency that received, in a one-year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance, to wit, the DOC, corruptly solicited and demanded for the benefit of a person, and accepted and agreed to accept, a thing of value from a person, intending to be influenced and rewarded in connection with a business, transaction, and series of transactions of such government agency involving a thing of value of $5,000 and more, to wit, LEWIS, in her capacity as a counselor employed by the DOC, accepted and agreed to accept cash payments in exchange for smuggling contraband into the OBCC for Inmate-1, Inmate-2, and Inmate-3.

(Title 18, United States Code, Sections 666(a)(1)(B) and 2.)

### COUNT THREE
(**Honest Services Wire Fraud**)

The Grand Jury further charges:

24. The allegations contained in paragraphs 1 through 16 of this Indictment are repeated and realleged as if fully set forth herein.

25. From at least in or about June 2019 up through and including in or about September 2020, in the Southern District of New York and elsewhere, TAMEKA LEWIS, the defendant,

willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and to deprive her employer of its intangible right to her honest services, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, LEWIS, in her capacity as a counselor employed by the DOC, accepted and agreed to accept cash payments in exchange for smuggling contraband into the OBCC for Inmate-1, Inmate-2, and Inmate-3, and facilitated those exchanges through telephone calls in interstate commerce.

(Title 18, United States Code, Sections 1343, 1346, and 2.)

## COUNT FOUR
### (Distribution of a Controlled Substance Analogue)

The Grand Jury further charges:

26. The allegations contained in paragraphs 1 through 16 of this Indictment are repeated and realleged as if fully set forth herein.

27. On or about September 18, 2020, in the Southern District of New York and elsewhere, TAMEKA LEWIS, the defendant, intentionally and knowingly distributed and possessed with intent to distribute a controlled substance analogue in violation of Title 21, United States Code, Section 841(a)(1).

8

28. The controlled substance analogue involved in the offense was mixtures and substances containing a detectable amount of methyl 3,3-dimethyl-2-(1-(pent-4-en-1-yl)-1H-indazole-3-carboxamido)butanoate (known as "MDMB-4en-PINACA"), a controlled substance analogue, as defined in Title 21, United States Code, Section 802(32), of methyl 2-(1-(5-fluoropentyl)-1 H-indazole-3-carboxamido)-3,3-dimethylbutanoate (known as "5F-ADB" and "5F-MDMB-PINACA"), a Schedule I controlled substance, that was intended for human consumption and is treated as a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 813 and 841(b)(1)(C).

> (Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATIONS

29. As a result of committing the bribery and honest services wire fraud objects of the conspiracy alleged in Count One of this Indictment, as well as the offenses alleged in Counts Two and Three of this Indictment, TAMEKA LEWIS, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount

of proceeds traceable to the commission of said offenses.

30. As a result of committing the narcotics offense object of the conspiracy alleged in Count One of this Indictment, as well as the offense alleged in Count Four of this Indictment, TAMEKA LEWIS, the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

### Substitute Assets Provision

31. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

 (Title 18, United States Code, Section 981; Title 21, United
   States Code, Section 853; and Title 28, United States
       Code, Section 2461.)

_____
FOREPERSON

_____
AUDREY STRAUSS
United States Attorney

11

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

TAMEKA LEWIS

Defendant.

---

INDICTMENT

21 Cr.

(18 U.S.C. §§ 371, 666, 1343, 1346, and 2; 21 U.S.C. § 841)

AUDREY STRAUSS
United States Attorney

*/s/ Tracy Mitchell/*
Foreperson

---